UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY GENE TILCOCK, ) | |
| ) | |
| Petitioner, ) | 3:03-cv-0037-RCJ-RAM |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL BUDGE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

Before the Court is petitioner's motion for reconsideration (ECF No. 103) filed with the Court almost two years after the Court of Appeals denied petitioner a certificate of appealability and more than eight years after the ground at issue in his motion for reconsideration was dismissed on procedural grounds. Respondents have opposed the motion and petitioner replied. The motion shall be denied as without merit.

Petitioner makes his motion pursuant to Fed.R.Civ.P. 60(b)(6). A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Fed.R.Civ.P. 60(c)(1). Rule 60(b)(6) allows courts the discretion "to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir.2009). In applying Rule 60(b)(6) to petitions for habeas corpus, the Ninth Circuit has considered six factors in exercising that discretion: (1) a showing of extraordinary circumstances, such as a change in intervening law; (2) the petitioner's exercise of diligence in pursuing the issue during federal habeas proceedings; (3) interest

in finality; (4) delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; (5) degree of connection between the extraordinary circumstance and the decision for which reconsideration is sought; and (6) comity. *See id.* (granting 60(b)(6) relief where the core issue in petition was not settled until fifteen months after the appeal became final at which point it became clear that petitioner's interpretation of the issue was the correct one).

Petitioner asks the Court to reconsider its refusal to entertain ground seven of his first amended petition, which was dismissed as procedurally defaulted. Ground Seven of the first amended petition reads:

> The prosecutor solicited false and perjured testimony from Detectives Sias and Gillens respecting the charge of Stop Required on Signal of Police Officer (Count V) in violation of Tilcock's Fifth, Sixth, and Fourteenth Amendment rights to the United States Constitution.

ECF No. 20, p. 23.

The ground, as presented to the state court on post-conviction review, was dismissed as barred under Nevada Revised Statutes (NRS) § 34.810, because it should have been presented on direct appeal. Petitioner identifies the claim in this Motion as an independent claim "that is incorporated with Ground Eleven (c), Ineffective Assistance of Counsel at trial, and Ground Twelve (b), (e), Ineffective Assistance of Appellate Counsel." Motion for Reconsideration (Motion), p. 2. Thus, he attempts to tie this claim to his claims for ineffective assistance of counsel.

Petitioner argues that the United States Supreme Court's decision in *Ryan v. Martinez,* 132 S.Ct. 1309 (2012), justifies his late motion for reconsideration because Nevada law does not permit claims of ineffective assistance of counsel to be raised on direct appeal and he was denied counsel on post-conviction. He contends this change in the law justifies reconsideration of his claim.

Under the holding of *Martinez v. Ryan,* failure of a court to appoint counsel, or the ineffective assistance of counsel in a state post-conviction proceeding may establish cause to overcome a procedural default in specific, narrowly defined circumstances.  Although reaffirming

1  the general holding of *Coleman*, "that an attorney's *negligence* in a postconviction proceedings does

2  not establish cause," in all *other* circumstances, the United States Supreme Court determined that a

3  narrowly carved exception - an equitable rule- must be established.  *Martinez,* 132 S.Ct. at 1320

4  (quoting *Coleman*, 501 U.S. at 753) (emphasis added).

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

9  *Martinez,* 132 S.Ct. at 1320. However, virtually every court to have examined the import of *Martinez*

10 in the context of a request for Rule 60(b)(6) relief has rejected the notion that *Martinez* satisfies Rule

11 60(b)(6)'s "extraordinary circumstances" requirement. *Adams v. Thaler*, 679 F.3d 312, 320 (5th

12 Cir.2012) (concluding that *Martinez's* crafting of a narrow, equitable exception to *Coleman* is hardly

13 extraordinary); *Jackson v. Ercole*, No. 09–CV–1054, 2012 WL 5949359, at *4 (W.D.N.Y. Nov. 28,

14 2012); *Fitzgerald v. Klopotoski*, Civil Action No. 09–1379, 2012 WL 5463677, at *3 (W.D.Pa.

15 Nov.8, 2012); *Haynes v. Thaler*, Civil Action No. H–05–3424, 2012 WL 4739541, at *4 (S.D.Tex.

16 Oct.3, 2012); *Gale v. Wetzel,* Civil Action No. 1:12–CV–1315, 2012 WL 5467540, at *9 (M.D.Pa.

17 Sep.27, 2012); *Vogt v. Coleman*, Civil Action No. 08–530, 2012 WL 2930871, at *3–4 (W.D.Pa.

18 Jul.18, 2012) (characterizing *Martinez* as simply a change in decisional law). *But see Lopez v. Ryan*,

19 678 F.3d 1131, 1136 (9th Cir.2012); and *Cook v. Ryan*, No. CV–97–00146–PHX–RCB, 2012 WL

20 2798789, at *6 (D.Ariz. Jul.9, 2012) (concluding that the nature of the change in law heralded by

21 *Martinez* was a remarkable, albeit limited, development weighing slightly in favor of 60(b)(6) relief).

22 The Court agrees with this reasoning. *Martinez* amounts to a limited change in decisional law.

23 Moreover, the Court notes that this change in the law is inapplicable to the relief sought.

24       Petitioner's defaulted claim was not one of ineffective assistance of counsel.  Thus, even if

25 the absence of counsel on post-conviction may provide cause to permit review of a defaulted

26

1 ineffective assistance claim, *id.*, those are not the circumstances here.  Petitioner's claim that
2 perjured testimony was used to convict him on charges that he failed to stop for police does not fall
3 within the *Martinez* exception.  So *Martinez* does not provide the extraordinary circumstances
4 required for relief under Rule 60(b)(6).

5     The remaining factors to be considered on such a motion also weigh against petitioner.  It has
6 been more than two years since his appeal was denied and reconsideration now would not serve the
7 parties' interest in finality.  As noted "the degree of connection between the extraordinary
8 circumstance and the decision for which reconsideration is sought" is completely lacking; and
9 allowing a state procedurally defaulted claim to be revived in these circumstances does not serve the
10 interest of comity between state a federal law courts.

11     Ground seven of the first amended petition will not be reviewed on the merit.  The motion is
12 denied.

13     **IT IS THEREFORE ORDERED** that the Motion for Reconsideration (ECF No. 103) is
14 **DENIED.**

15     Dated, this 28th day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE