**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LARRY GENE TILCOCK,<br><br>  Petitioner,<br><br>vs.<br><br>MICHAEL BUDGE, et al.,<br><br>  Respondents. | Case No. 3:03-cv-00037-RCJ-RAM<br><br>**ORDER** |

Before the court are petitioner's application to proceed in forma pauperis (#118), motion for reconsideration (#119), and motion for appointment of counsel (#120). Respondents have filed an opposition to the motion for appointment of counsel (#121) and an opposition to the motion for reconsideration (#122). Petitioner has filed a reply to the state's opposition to the motion for reconsideration (#123).

The current motion for reconsideration repeats petitioner's argument in an earlier motion for reconsideration (#108) and supplement (#113) that actual innocence excuses the procedural default of ground 7 of the first amended petition (#20). The court denied that earlier motion. Order (#114). Repeating the argument does not make it any better.

Furthermore, the argument is not properly before this court. Ground 7 of the first amended petition was a claim that the prosecution used perjured testimony to prove the charge of failure to stop upon the signal of a police officer, and that without such testimony there was insufficient evidence to support a conviction on that charge. When petitioner had presented the same claim in his earlier state habeas corpus petition, the Nevada Supreme Court ruled that it was barred by Nev.

Rev. Stat. § 34.810 because he could have raised the claim on direct appeal but did not. This court then ruled that ground 7 was procedurally defaulted, and it was not persuaded by petitioner's argument that the ineffective assistance of appellate counsel was cause and prejudice to excuse the default. Order (#31). In his opposition to the motion to dismiss (#30), petitioner did not argue actual innocence to excuse the procedural default. Petitioner did not appeal the dismissal of ground 7. By arguing that actual innocence excuses the procedural default of ground 7 now, after all the appeals have concluded and after this court's judgment is final, the motion for reconsideration is in effect a second or successive habeas corpus petition. Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005). Petitioner needs to obtain authorization from the court of appeals before he can proceed with a second or successive petition. 28 U.S.C. § 2244(b)(3). The court notes that petitioner has sought and was denied such authorization in Tilcock v. Budge, Case No. 13-70354.

Petitioner's application to proceed in forma pauperis (#118) and motion for appointment of counsel (#120) are moot because the court is denying the motion for reconsideration (#119).

Reasonable jurists would not disagree with this court's conclusions, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (#119) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's application to proceed in forma pauperis (#118) is **DENIED** as moot.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (#120) is **DENIED** as moot.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated: October 21, 2014.

_____
ROBERT C. JONES
United States District Judge