# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LARRY GENE TILCOCK,

    Petitioner,

vs.

MICHAEL BUDGE, et al.,

    Respondents.

Case No. 3:03-cv-00037-RCJ-RAM

**ORDER**

    Before the court are petitioner's application to proceed in forma pauperis (#131) and motion for reconsideration (#132). Respondents have filed an opposition to the motion for reconsideration (#134). Petitioner has filed a reply to the state's opposition to the motion for reconsideration (#135).

    Once again, petitioner argues that actual innocence excuses the procedural default of ground 7 of the first amended petition (#20). In its order (#124) denying petitioner's previous motion for reconsideration (#119), the court explained that, by presenting a new argument of actual innocence, not previously presented to the court, petitioner effectively is presenting a second or successive petition for a writ of habeas corpus. Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005). Petitioner needs to obtain authorization from the court of appeals before he can proceed with a second or successive petition. 28 U.S.C. § 2244(b)(3). The court notes that at least twice petitioner has sought and was denied such authorization in Tilcock v. Budge, Case No. 15-70253, and Tilcock v. Budge, Case No. 13-70354.

Petitioner's application to proceed in forma pauperis (#131) is moot because the court is denying the motion for reconsideration (#132).

Petitioner has filed unsuccessful motions for reconsideration regarding the procedural default of ground 7 of the first amended petition at least four times (#103, #108, #119, and now #132). Petitioner has failed to receive authorization from the court of appeals to file a second or successive petition on the same issue at least twice. It should have been clear to petitioner long ago that he will not receive any relief on this issue. The court finds that petitioner's repetitive filings of motions for reconsideration are frivolous and harassing, in violation of Rule 11 of the Federal Rules of Civil Procedure. From now on, the court will return to petitioner unfiled anything other than a notice of appeal from this order. By now, it is clear that petitioner has nothing new to argue, and if something new does arise, then petitioner first will need to go to the court of appeals for authorization to file a second or successive petition. If the court of appeals authorizes such a petition, then it can be filed in this court in a new action. The court makes no comment on any discipline that prison officials might impose upon petitioner for his frivolous conduct.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that petitioner's application to proceed in forma pauperis (#131) is **DENIED** as moot.

IT IS FURTHER ORDERED that petitioner's motion for reconsideration (#132) is **DENIED**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that from now on, the clerk of the court shall return unfiled to petitioner any document that he attempts to file in this action other than a notice of appeal from this order.

DATED: This 9th day of November, 2015.

```
                                      _____
                                      ROBERT C. JONES
                                      United States District Judge
```